# Farmers Deposit National Bank of Pittsburg *v.* Western Pennsylvania Fuel Company, Appellant.

*Landlord and tenant—Impeachment of landlord's title—Banks and banking—National bank.*

A tenant in an office building owned and in part occupied by a national bank cannot set up as a defense in an action for rent that the bank had no power under its charter to erect an office building and rent out offices. The rule that a lessee cannot impeach the title of his lessor for any cause except fraud, applies in such a case.

Argued April 12, 1905. Appeal, No. 183, April T., 1905, by defendant, from order of C. P. No. 3, Allegheny Co., May T., 1904, No. 487, making absolute rule for judgment for want of a sufficient affidavit of defense in case of Farmers Deposit National Bank of Pittsburg v. Western Pennsylvania Fuel Company. Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ. Affirmed.

Assumpsit for rent.

Defendant set up in its affidavit of defense, that plaintiff is a national bank, chartered under the laws of Congress, for the purpose of carrying on a banking business in the city of Pittsburg, Pennsylvania ; that it purchased a large tract of land on the corner of Fifth avenue and Wood street, two of the main thoroughfares of said city, and had erected thereon a magnificent office building containing twenty-two stories ; that only a small part of said building was used by the bank for the purpose of carrying on its business, to-wit : about one-fourth of the first floor of said building and about one eighty-eighth part of the floor space contained in it. Further, that the part of said building in which the offices rented to the said fuel company was located was not only not used by the bank, but was erected at a later time than the main building and is wholly unnecessary for its business, being simply erected for the purpose of adding additional rooms to the bank, and all of said addition is leased by the bank to other parties.

The affidavit further denied that said building was erected for the bona fide purpose of providing a place of business for

70   FARMERS DEP. NAT. BK. *v.* FUEL CO., Appellant.

Statement of Facts—Opinion of the Court. [29 Pa. Superior Ct.

said bank, but alleged that it was used as an unlawful means for the bank to invest its surplus and to engage in a private speculation in real estate.

*Error assigned* was in making absolute rule for judgment.

*George Calvert Bradshaw*, for appellant.

*Samuel McClay*, with him *Reed, Smith, Shaw & Beal*, for appellee.

OPINION BY SMITH, J., October 9, 1905:

Under the issue raised here we need not pass upon or consider the power of the bank to hold or use the property. Whether its present use is ultra vires or not, may be properly considered when this question is directly before us. At present it forms but a collateral issue which is inconclusive at best. As we regard the case, it presents an established feature of the law of landlord and tenant, from which our view may not be diverted by the introduction of a question not necessarily involved.

It is a long established principle of law that a lessee cannot impeach the title of his lessor for any cause except fraud. But in the present case this is indirectly attempted contrary to the rule that " what cannot be done directly cannot be done indirectly." A tenant's possession is that of his landlord, and unless he is ousted by the latter, the law of their relation must prevail. The duties of each are assumed on the creation of the contract, and continue for the stipulated period, unless arrested by some rule of law or equity. But there is no law or rule of public policy requiring the annulment of this contract, nor is there any inequity shown or alleged. Fraud, ouster or interference by the landlord, is not alleged or pretended, nor is it claimed that the tenant cannot fully enjoy the demise according to the terms of the contract.

In order to present the question of ultra vires it should be an essential part of the issue presented. Courts are not required to rule on abstract or immaterial questions.

Judgment affirmed.